**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50360 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-04640-L |
| v. | |
| DAVID VELASCO-CASTANEDA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Submitted April 20, 2011[**]

Before:      SKOPIL, FARRIS, and LEAVY, Circuit Judges.

David Velasco-Castaneda appeals from his conviction for importation of

marijuana and hashish, in violation of 21 U.S.C. §§ 952 and 960.  We have

jurisdiction under 28 U.S.C. § 1291.  We review for clear error the district court's

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

finding that a *Miranda* waiver is knowing and intelligent, *United States v. Garibay*, 143 F.3d 534, 536 (9th Cir. 1998), and we affirm.

Velasco-Castaneda contends the district court erred when it denied his motion to suppress and found that he knowingly and intelligently waived his *Miranda* rights before making incriminating statements.

Velasco-Castaneda is fluent in English, his rights were individually read to him, and he verbally and physically indicated he understood each right. While there is no written waiver, nothing in the record suggests Velasco-Castaneda suffered from any incapacity that prevented him from understanding the nature of his rights or the consequences of waiving them. *See United States v. Crews*, 502 F.3d 1130, 1140 (9th Cir. 2007). Moreover, the district court's determinations that Velasco-Castaneda's questions demonstrated his understanding that he had the right not to speak, and that he waived that right by volunteering information without the promise of a reward are not clearly erroneous. Accordingly, the district court did not clearly err in its determination that, under the totality of the circumstances, Velasco-Castaneda made a knowing and intelligent waiver. *See id.*

**AFFIRMED.**

2